the tort was committed. The illustration of the doctrine may seem exaggerated, but the principle would be clearly involved by supposing the sloop was under day hire and had been sunk by collision, and by the application of instant means of relief and great exertions had been raised and repaired the same day, but with the loss to her of that day's hire. It seems to me the last item would go into the amount of damages to the owner, under the same principle that gives him the cost of raising her, and it is not easy to perceive, what principle of law would compensate him for her detention a day at the bottom of the river which would not equally apply when the detention is in a ship-yard.

Whether or no the views of the members of the supreme court are susceptible of reconciliation, with each other, the law must be taken from the doctrine declared by the majority. The commissioner ought to have taken proof of the market or merchantable price or value of the sloop with her equipments in the employment in which she was engaged, and have allowed the libellant that price for the period she was delayed in receiving her necessary repairs, as she was not at the time under a charter or stipulated hire. Exceptions allowed, with costs, and a re-reference ordered to estimate the damages on this principle.

---

## Case No. 13,181.

### The SOUTH AMERICAN.

[See Case No. 14,311.]

---

SOUTH & N. A. R. CO. (VAUGHAN v.). See Case No. 16,901.

SOUTHARD (LYMAN VENTILATING & REFRIGERATOR CO. v.). See Case No. 8,633.

---

## Case No. 13,182.

### SOUTHARD v. RAILWAY PASSENGERS' ASSUR. CO.

[34 Conn. 574; 1 Bigelow, Ins. Cas. 70.]

District Court, D. Connecticut. July 6, 1868.

ACCIDENT INSURANCE—VIOLENT AND ACCIDENTAL MEANS—MAXIM "EXPRESSIO UNIUS EST EXCLUSIO ALTERIUS."

[1. A rupture effected by the insured's jumping from cars, or by running to see if they were coming, where he acted for his own convenience, and not from perilous necessity, and without stumbling, slipping, or falling, is not an injury caused by "violent and accidental means," within the condition of an accident policy.]

[2. The exception in a policy insuring against injuries effected by "violent and accidental means" of certain causes named, does not broaden the policy so as to include injuries not effected through forcible and accidental means.]

On submission to SHIPMAN, District Judge, as arbitrator.

[This was an action on a policy of insurance by William L. Southard against the Railway Passengers' Assurance Company.]

SHIPMAN, District Judge.[1] This is a claim made by William L. Southard against the above-named company, for bodily injuries alleged to have been received by him, and by reason of which he avers that he was totally disabled for a considerable time, and prevented from the prosecution of any and every kind of business. The claim is founded upon a policy of insurance, issued to the claimant by an agent of the company, dated the 21st day of February, 1867, and having three months to run. The company not agreeing to the claim made upon them, both parties have submitted the following questions to the undersigned as arbitrator: (1) Did the alleged injury result from an accident within the meaning and intention of the contract? (2) Was the disability a consequence of disease existing prior or subsequent to the contract? (3) Is it a case of total disability from all kinds of business?

The contract of insurance made with the claimant is as follows: "The Railway Passengers' Assurance Company of Hartford insures William L. Southard, of Portland, Maine, against accidental loss of life, in the principal sum of five thousand dollars, to be paid to his family, or their legal representatives, within ninety days after sufficient proof that the insured, at any time within the term of this policy, shall have sustained bodily injuries, effected through violent and accidental means, within the intent and meaning of this contract and the conditions hereunto annexed, and such injuries shall have occasioned death within ninety days from the happening thereof; or if the insured shall sustain bodily injuries, by means as aforesaid, which shall absolutely and totally disable and prevent him from the prosecution of any and every kind of business, then, on satisfactory proof of such injuries, he shall be indemnified against loss of time, in a sum not exceeding twenty-five dollars per week, for a period of continuous total disability not exceeding twenty-six consecutive weeks from the time of the accident and injuries as aforesaid."

To this main clause of the policy there are attached certain provisions and conditions, among which are the following: "Provided always, that this insurance shall not extend to any injury of which there shall be no visible sign, nor to any death or disability which may have been caused wholly or in part by bodily infirmities or disease, existing prior or subsequent to the date of this contract, or by the taking of poison, or by any surgical operation or medical treatment for disease. And no claim shall be made under this policy, when the death or injury may have been caused

---

[1] Though this case was one of arbitration, it was argued and decided wholly upon legal principles, and the opinion, which was written by Judge Shipman, will be regarded by the profession as having the authority of a judicial decision.